Certiorari (323 U. S. 691) to review a judgment of the Court of Claims holding that where on December 24, 1934, executors remitted to the Collector check for $120,000.00 “as a payment on account” of estate tax, which amount was placed by the Collector in a suspense account to the credit of the estate; and where final determination of the total net tax due was made, after audit, in April, 1938; the remittance of December 24, 1934, which was a payment of estate tax estimated to be due, was a payment of estate tax, and the statute of limitations (47 Stat. 169,283) began to run on the day it was paid, and claim for refund filed on March 26, 1938, more than three years after payment was made, was barred, and plaintiffs were not entitled to recover any part of the $120,000.00.
The judgment of the Court of Claims was reversed by the Supreme Court, January 29,1945.
Mr. Justice Frankfurter
delivered the opinion of the Supreme Court, holding:
Claims for refunds of Federal taxes must conform strictly to the requirements of Congress.
In the absence of extraneous relevant aids to construction, statutory provisions couched in ordinary English will be given the meaning, which the words ordinarily convey.
A payment on account of a Federal estate tax prior to its assessment, made for the purpose of avoiding penalties and interest and held by the Collector in a suspense account to the credit of the estate pending assessment of the tax, is not such a payment as is contemplated by the statutory provision which requires claims for refunds to be presented within three years next after the payment of the tax.
A claim for refund of Federal estate tax did not arise within statute requiring such claims to be presented within three years after payment of tax until deficiency was assessed by commissioner though executors in order to avoid penalties and interest had previously remitted to collector estimated amount of tax which was placed in suspense account to credit of estate; and “payment of tax” so as to start running of three-year statute of limitations against claim for refund did not occur until funds were applied in partial satisfaction of deficiency assessment and balance thereof was paid by executors.
Exaction of interest from the Government requires statutory authority.